[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11658
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2012
JOHN LEY
CLERK

D. C. Docket No. 6:09-cv-01101-MSS-GJK

BYRON MORGAN,

Plaintiff-Appellant,

versus

ORANGE COUNTY, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 23, 2012)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Byron Morgan, though counsel, appeals the grant of summary judgment in

favor of his employer, Orange County, Florida, in Morgan's employment

discrimination suit, filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and to the Family and Medical Leave Act of 1993 ("FMLA").[1] No reversible error has been shown; we affirm.[2]

While employed with the Orange County Corrections Department ("OCCD"), Morgan -- who is African-American -- called OCCD to report that he would be absent from work the next day due to an FMLA-related illness. Although Morgan spoke to an OCCD supervisor, he did not report his absence to his immediate supervisor. Morgan also failed to report his continuing absence over the next five days. Several witnesses later advised Captain William Powell, an OCCD manager, that Morgan had been on a cruise during his absence from work. Following an investigation, Powell concluded that insufficient evidence existed to prove that Morgan misused his FMLA leave. But Powell determined that Morgan had violated OCCD's call-in procedures for reporting FMLA leave and that Morgan had committed "fraud or dishonesty." As a result, OCCD fired

---

[1]Morgan's complaint also alleged violations of the Civil Rights Act of 1866 and of the Chapter 760 of the Florida Statutes. Because Morgan fails to raise these claims on appeal, they are abandoned. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008) (stating that "issues not raised on appeal are abandoned").

[2]We review de novo the district court's grant of summary judgment. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). And we view the evidence in the light most favorable to the non-moving party. Id.

Morgan.[3]  After exhausting his administrative remedies, Morgan filed this amended complaint against Orange County.

Morgan first raised a disparate treatment claim under Title VII, alleging that OCCD discriminated against him because of his race.  The district court concluded that Morgan failed to establish a prima facie case of disparate treatment because he failed to identify a similarly situated employee outside of his class who was treated more favorably.[4]

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways."  Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).  "We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."  Id. (concluding that the plaintiff failed to identify a similarly situated employee when her proposed comparators had each

---

[3]As part of the internal grievance process, an arbitrator later reinstated Morgan's employment with OCCD, but denied him back pay.

[4]Because Morgan's disparate treatment claim relies on circumstantial evidence, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), applies.

3

committed only a single act of misconduct whereas she had committed at least four policy violations).[5]

Viewing the evidence in the light most favorable to Morgan, he has failed to identify a similarly situated employee who received more favorable treatment than he did. Although Morgan named four OCCD employees as potential comparators, none of them violated OCCD's call-in procedures and only two of the four were charged with fraud or dishonesty. Because Morgan has failed to identify another employee who -- like him -- had committed multiple acts of misconduct, he has failed to establish a prima facie case of disparate treatment under Title VII. See id.

We next address Morgan's claim that Orange County retaliated against him for using his FMLA leave. In granting summary judgment in favor of Orange County on this claim, the district court assumed that Morgan established a prima facie case of retaliation, but concluded that he failed to show that Orange County's nonretaliatory reasons for firing him were pretextual.

We have traditionally applied the McDonnell Douglas burden-shifting analysis to FMLA retaliation cases where a plaintiff relies on circumstantial

---

[5]Morgan argues that the "nearly identical" standard described in Maniccia should not apply in this case and, instead, urges us to apply the "similar misconduct" standard described in Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1334 (11th Cir. 2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003). We reject this argument as foreclosed by our decision in Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 n.2 (11th Cir. 2006).

4

evidence. See Brungart v. BellSouth Telecomm., Inc., 231 F.3d 791, 798 (11th Cir. 2000). Under McDonnell Douglas, the plaintiff first must establish a prima facie case of retaliation by showing that "(1) he availed himself of a protected right under the FMLA; (2) he suffered an adverse employment decision; and (3) there [was] a causal connection between the protected activity and the adverse employment decision." Wascura v. City of South Miami, 257 F.3d 1238, 1248 (11th Cir. 2001). Once a plaintiff establishes a prima facie case, the burden shifts to the employer to "articulate a legitimate, non[retaliatory] reason for the challenged employment action." Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

If the employer does so, the plaintiff must demonstrate that the employer's proffered reason is a pretext for retaliation. Id. "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Id. at 1030. In addition, if the employer acted on an honestly held belief that the employee engaged in misconduct, even if it was mistaken, no retaliation exists. See EEOC v. Total Sys. Servs., Inc., 221 F.3d 1171, 1176-77 (11th Cir. 2000).

Even if we assume -- without deciding -- that Morgan established a prima facie case of retaliation, Orange County presented two legitimate, nonretaliatory reasons for terminating Morgan based on his failure to comply with OCCD policies.  First, OCCD charged Morgan with two violations of its call-in procedures because Morgan failed to contact his immediate supervisor about his FMLA absence and failed to report each day of his FMLA absence.

Second, Orange County asserted that Morgan was terminated because Orange County believed that Morgan was dishonest about his plans to travel during his FMLA leave.  The record demonstrates that, four months before the cruise, Morgan submitted two requests to take vacation leave during the week of the cruise.  Both requests were denied, however, because of staffing shortages.  During OCCD's internal investigation, Morgan alleged that his vacation requests were unrelated to the cruise.  He also contended that his girlfriend bought the cruise tickets as a surprise for him and that he was unaware of the cruise until the day before.  Because OCCD believed that Morgan had lied about his prior knowledge of the cruise, it charged Morgan with "fraud and dishonesty."  Based on these three charges of misconduct, OCCD terminated Morgan's employment.

Because Morgan's alleged dishonesty and his violation of OCCD procedures would motivate a reasonable employer to terminate him, Morgan must

6

rebut Orange County's proffered reasons head on.  See Chapman, 229 F.3d at 1030.  But Morgan failed to do so.  Instead, he concedes that he violated OCCD's call-in procedures.  And he fails to assert that Orange County lacked a good faith belief that he had been dishonest during the internal investigation.  Construing the facts in the light most favorable to Morgan, Orange County acted on an honestly held belief that Morgan had engaged in misconduct warranting termination.  Thus, Morgan failed to meet his burden to show that Orange County's proffered reasons for terminating him were pretextual.  See Total Sys. Servs., Inc., 221 F.3d at 1176-77 (affirming the grant of summary judgment in favor of the employer when the employee presented no evidence that the employer lacked a good faith belief that an employee lied during an internal investigation).[6]

AFFIRMED.

---

[6]Absent evidence that Orange County lacked a good faith belief that Morgan was guilty of misconduct, we reject Morgan's arguments that Orange County's proffered reasons were pretextual (1) because the internal investigation and the resulting charges against him all involved his use of FMLA leave and (2) because Captain Powell's deposition testimony contained inconsistencies.